58 CCPA

### Application of Gerald HOUGHTON.
### Patent Appeal No. 8377.

United States Court of Customs
and Patent Appeals.
Nov. 25, 1970.

Eugene F. Buell, Buell, Blenko & Ziesenheim, Pittsburgh, Pa., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the examiner's rejection of all claims in appellant's application serial No. 482,389, filed August 25, 1965, for "Fluid Media Craft." The application is a continuation-in-part of application serial No. 270,890, filed April 5, 1963. We affirm the board's decision.

The invention claimed is a flying machine, variously called a "vibracraft" or "hover and flying craft," which is alleged to operate not on known airfoil principles, not on gaseous thrust or rocket principles, but on a flapping or "flutter function" concept. The claims, one of the broadest of which covers over four pages of printed record, define this machine as comprising

> a body, a vibrating member on said body adapted to engage the atmosphere surrounding the craft and a means for vibrating or oscillating said member in a periodic manner with vertical components such that—

certain integro-differential equations developed at length in the claim are satisfied. The equations are said to be drawn from studies of bird and insect flight.

The examiner rejected the claims on the ground that a machine so defined lacks utility, under 35 U.S.C. § 101. Curiously, he did not reject under the first paragraph of 35 U.S.C. § 112 for insufficient disclosure of how to make a machine corresponding to the claims. The board's affirmance of the section 101 rejection and its failure to apply an additional rejection under section 112, first paragraph, places before us the following

issue: Assuming that a machine meeting the claims could be built, would it be useful, or, would it fly?

The examiner was of the view, for reasons we need not detail here, that a machine meeting the claims would not have practical utility. He suggested that appellant "demonstrate * * * workability and utility [of such a machine] and make clear the principles upon which it operates." Appellant contends that he presented a sufficient demonstration to convince persons skilled in the art. The board found that he did not.

In view of the highly unusual nature of the machine claimed, we find that it was not unreasonable for the examiner to require proof of utility. Appellant apparently does not dispute the propriety of such a proof requirement in this case. Appellant's counsel at oral argument stated that the question was a matter of *how much* of a showing should be required, and that, because of the inordinate expense allegedly involved in producing a working model, a working model should not be required. We need not pass on this point, however, since the record does not indicate that the Patent Office insisted on a working model as the only acceptable method of proving utility.

Appellant, to support his contention that he presented sufficient proof of utility, points to the equations developed in the specification. We do not pretend to understand the entire significance of these equations. We recognize that we are not persons skilled in the aerodynamics or aeronautical engineering arts, but appellant has presented no evidence from any skilled persons other than himself to show that such persons would be convinced of the practical applicability of the equations to a flying machine.[1]

Appellant also referred, at oral argument, to certain experiments performed with free particles in a vertically oscillating fluid field. Apparently these experiments are described in two articles which do not appear in the record before us, although they are referred to briefly in the specification. Our review is limited to evidence in the record before us, plus facts which are the proper subject of judicial notice. The details of the experiments relied upon by appellant are in neither category and hence are outside the scope of our review.

In summary, we find that the board did not err in holding that appellant had not proved utility of the claimed invention under 35 U.S.C. § 101.

Affirmed.

58 CCPA

---

1. Appellant's reliance on published articles purporting to describe mathematically the flight of birds and bees is not persuasive. Apart from the facts that most of these articles were authored by appellant, and none of them appear in the record, the fact that such creatures fly according to the equations therein set forth does not mean that the equations are applicable to mechanical flying machines.